Shaw C. J.
delivered the opinion of the Court. This cause was referred to auditors under the act for facilitating trials in civil actions, St. 1817, c. 142, and the question arises upon the effect to be given to an auditor’s report made pursuant to that statute. The cases in which auditors are to be appointed, are all actions in which an investigation of accounts, or an examination of vouchers, is necessary to the purposes of justice.[1] In these cases the court is to appoint an auditor or auditors, to state the accounts between the parties, and to make report thereof; and the report so made shall, under the direction of the court, be given in evidence to the jury, subject however to be impeached by evidence from either party.
It is contended that a report, when made to the court, is to *367 tie deemed conclusive, except so far as it may be specifically impeached, and that upon exceptions filed.
But we think such is not the effect of a report of auditors under this statute. It is no doubt competent for the court in the first instance to decide upon the acceptance of the report, upon exceptions or otherwise. It is for the court to determine whether the auditors have pursued their authority and completed their duty, and conducted honestly and correctly, and to accept, reject or recommit the report. This is an authority incident to the power of directing such reference. Still it is to be considered, what is the effect of the report, when made and accepted. The statute makes it competent evidence to the jury, of the facts found by the auditor, but subject to be impeached, controlled and counteracted by any other competent evidence. In other words, it is prima facie evidence, upon which a jury will be warranted to give a verdict, and bound to do so, unless overbalanced by other evidence.[1]
The cause goes to trial in the usual form, upon the issues joined, and it is open to each party to produce to any and all, competent evidence, tending to prove the affirmative or negative of the fact in issue. The effect of the statute, the reference and report is, to introduce a new species of competent evidence, often a very useful one. The witnesses may be reexamined, as offered by either party, not to impeach or support the report directly, though that may be incidentally the effect; but because such testimony, like the report itself, is competent evidence on the issue which the jury is to try.
It is argued, that this view of the report will deprive it of all its efficacy, if the whole evidence is to be reexamined. But we think it is not liable to this objection. It is to be recollected, that the report is to facilitate, not to supersede jury trials. This it may accomplish in various ways.
A claim may consist of a great multitude of small items, to be proved by books and vouchers, and perhaps by an examination of the parties, this being incident to the authority of taking and stating an account. As the report is evidence to the jury, the practical effect will be, that the report will be conclusive, *368 except in a few items, or a class of items depending upon some one general principle. The natural consequence will be, to narrow down the points of controversy before the jury to a small number, easily comprehended, and thus facilitate the trial.
But another useful and very important effect of a report is to change the burden of proof. A plaintiff who comes into court with a long account, a great - part of the items of which he has reason to believe are undisputed, must yet be prepared with legal proof of every item, he having the affirmative. But in taking an account before an auditor, such items would probably be conceded, or if not, might be easily proved, and in either case are included in the auditor’s report. The plaintiff then goes into court armed with legal prima, facie evidence of all the really uncontested items of his case, without fear of surprise, and without the unnecessary expense of superfluous evidence ; and is prepared to confine his evidence, and to give his exclusive attention to the real points in controversy between the parties. The same is true of the defendant, with his account in set-off.
Under these views, the Court are of opinion, that a report of auditors, does not, like an award of referees, stand in place of a trial, but is merely received as competent evidence ; that it does not supersede or exclude any other competent evidence, and therefore that the testimony of Thayer, though recapitulated in the report, ought to have been submitted to the jury. Under the agreement of the parties, the default must be taken off, and the cause stand for trial.[1]

 See Whitwell v. Willard, 1 Metc. 216.

 See Lazarus v. Commonwealth Ins. Co 19 Pick. 82.

 See Rev. Stat. c. 96, §25 et seq.